JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY VECHAYIEM,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>TARGET CORPORATION, PREMIER CANDLE CORP., and DOES 1 through 10,<br><br>　　　　　　Defendants. | CASE NO. CV 09-04811 RGK (AGRx)<br><br>**ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT** |

On July 6, 2009, Defendant Target Corporation ("Defendant") removed this action from Superior Court for the State of California, County of Los Angeles to the United States District Court for the Central District of California based on diversity jurisdiction. On July 28, 2009, the Court issued an Order to Show Cause Re Lack of Jurisdiction ("OSC"), which required Defendant to submit evidence establishing that the Court has jurisdiction over this matter. Defendant timely responded to the Court's Order.

For the following reasons, the Court finds that it does not have jurisdiction over this matter.

Generally, there is a strong presumption against removal jurisdiction, such that the defendant "has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3) (9th Cir. 1990)).

A party may remove a matter to federal court based on diversity jurisdiction where no defendant has the same citizenship as any plaintiff. 28 U.S.C. §§ 1332, 1441. "[A] corporation [is] deemed . . . a citizen

of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

The Ninth Circuit applies two tests to determine a corporation's principal place of business. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). Under the "place of operations" test, a corporation's principal place of business is in the state where it conducts a substantial predominance of its corporate operations. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093-94 (9th Cir. 1990). Under the "nerve center" test, a corporation's principal place of business is in the state where the majority of its administrative and executive functions are performed. *Id.* at 1092-93. District courts in the Ninth Circuit apply the "place of operations" test unless the diversity jurisdiction proponent whose corporate citizenship is challenged shows that its activities do not substantially predominate in any one state. *See id.* at 1094.

In this case, the Court will apply the "place of operations" test because Defendant has not shown that its business activities do not substantially predominate in any one state.

In determining substantial predominance under the "place of operations" test, a court should look to both the nature of the corporation's activities and the purpose of diversity jurisdiction and the citizenship determinations associated with it. *Davis v. HSBC Bank of Nevada, N.A., et al.*, 557 F.3d 1026, 1029 (9th Cir. 2009) (declining to require district courts apply a per capita approach to determining a corporation's principal place of business in every case).

In looking at the nature of a corporation's activities for purposes of determining substantial predominance, a court compares the corporation's business activities in the state at issue to its business activities in other individual states. *Tosco Corp.*, 236 F.3d at 500. Substantial predominance does not require the majority of a corporation's business activities be located in one state. *Id*. Rather, it requires that the amount of a corporation's business activities in one state be significantly larger than in any other state in which the corporation does business. *Id*.

Courts look at several factors to determine if a state contains a substantial predominance of a corporation's activities, including location of employees and tangible property, as well as gross revenues derived from the state. *Id*.

1       Here, it appears that the nature of Defendant's business activities in California substantially
2 predominate over those activities in other states because California consistently ranks substantially higher
3 in percentage of employees, gross revenue, and tangible property. Specifically, as to employees, Defendant
4 employs over 84% more people than the next highest state, Minnesota. As to gross revenue, California
5 generates over 98% more than the next highest state, Texas. Finally, as to total tangible property value,
6 California has over 56% more tangible property value than the next highest state, Minnesota.

7       Moreover, in looking at the purpose of diversity jurisdiction and the citizenship determinations
8 associated with it, Defendant should be considered a citizen, for diversity purposes, of California. The
9 purpose of diversity jurisdiction is to provide a "federal forum for out-of-state litigants where they are free
10 from prejudice in favor of a local litigant." *See J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 406
11 (5th Cir. 1987). The potential for local bias is most likely when a local party sues a foreign corporation that
12 has little if any presence in the forum. *Id*. When, however, a foreign corporation has significant contact with
13 the forum, the likelihood of local prejudice is minimized because the local community and courts identify
14 and are familiar with the corporation. *Id*.

15       Here, it appears that given the extent of Defendant's activities in this state, it will likely not be
16 deemed an "outsider" in California courts and suffer prejudice as a result. As a major employer and business
17 operator in California, Defendant is not the type of party that diversity jurisdiction was designed to protect.

18       In light of the foregoing, it appears that Defendant is, for diversity purposes, a citizen of California.
19 Since both Plaintiff and Defendant are citizens of California, diversity jurisdiction does not exist in this
20 matter.

21       For the foregoing reasons, the above-titled case is ordered **REMANDED** to Superior Court for all
22 further proceedings for lack of diversity jurisdiction.

24 DATED: August 18, 2009

                                   **R. GARY KLAUSNER**
25                                   **UNITED STATES DISTRICT JUDGE**